In the Interest of JG, M, J, R, M and SG, Minor Children.

JG, Appellant (Respondent),

v.

Thomas R. QUILLEN, Director of Natrona County Department of Public Assistance and Social Services, Appellee (Petitioner).

No. C–86–2.

Supreme Court of Wyoming.

Sept. 17, 1987.

Les Bowron, Casper, for appellant.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Richard E. Dixon, Asst. Atty. Gen., for appellee.

James A. Raymond, Casper, guardian ad litem.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The major question to be resolved in this appeal from a judgment terminating parental rights is whether language in the stat-

utes relating to termination of parental rights which alludes to "efforts by an authorized agency or mental health professional" to rehabilitate the family is limited to those efforts conducted within the State of Wyoming. The appellant structures this issue by contending that there was a total failure of proof in this regard which not only invalidates the judgment of the district court but should have resulted in a favorable ruling on his motion to dismiss at the close of the State's case. As an alternative issue, the question is raised of whether the state agency's efforts at rehabilitation should have been continued in accordance with other provisions in the statute. Finally, the question of unconstitutional vagueness of the significant aspect of the statute is raised. We note that the failure of the appellant to raise the constitutional issue forecloses that contention, and we hold that the trial court correctly resolved all the other issues. We affirm the judgment of the trial court.

In his brief in this case, the appellant articulates the issues presented for review in this way:

"I. Whether the evidence presented at trial was sufficient to allow appellant's parental rights to be terminated.

"II. Whether the district court erred in failing to grant appellant's motion to dismiss at the close of appellee's case.

"III. Whether the district court erred in failing to continue the petition pursuant to W.S. 14–2–316.

"IV. Whether W.S. 14–2–309(iv) is unconstitutionally vague."

The appellee lumps the questions into two issues as follows:

"I. Are prior rehabilitation efforts by authorities in sister states relevant, clear and convincing evidence of 'efforts by an authorized agency' for purposes of W.S. 14–2–309(a)(iii)?

"II. May a patently unfit parent raise the issue of whether or not the term 'unfit parent,' contained within a statute, should render the statute void for vagueness?"

The petition which was filed seeking the termination of the parental rights of the appellant-father alleged the statutory grounds under § 14–2–309(a)(iii) and (iv), W.S.1977. Specifically, the petition encompassed allegations that the children had been abused and neglected; efforts by authorized agencies and mental health professionals had been unsuccessful in rehabilitating the father; the health and safety of the children would be seriously jeopardized if they remained with or were returned to the father; the father was incarcerated due to the conviction of a felony, a charge of second-degree sexual assault against the children; and the father was unfit to have custody and control of the children. A guardian ad litem was appointed to represent the children in the proceeding, and upon the father's request, an attorney was appointed to represent him.

The petition was filed in June of 1985, and after several requests for continuance, which in part were attributable to the incarceration of the appellant, a hearing was held on January 24, 1986. From the bench, the district judge announced the requisite findings for termination of parental rights under both subsections of § 14–2–309(a). An order terminating parental rights, consistent with the findings by the trial judge at the close of the hearing, then was entered. This appeal is taken from that order.

The pertinent provisions in the statute read:

"(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

＊　　＊　　＊　　＊　　＊　　＊

"(iii) The child has been abused or neglected by the parent and efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopardized by remaining with or returning to the parent;

"(iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custo-

dy and control of the child." Section 14-2-309(a), W.S.1977 (1986 Replacement).

We have identified the three elements for termination of parental rights under § 14-2-309(a)(iii), W.S.1977 (1986 Replacement), as follows:

"* * * (1) [A]busive treatment or neglect by the parent; (2) unsuccessful efforts to rehabilitate the family (i.e. termination of parental rights is the least intrusive means to satisfy the State's interest); and (3) the child's health and safety would be seriously jeopardized by remaining with or returning to the parent." Matter of GP, Wyo., 679 P.2d 976, 1005 (1984).

In making these determinations under subsection (iii) of the statute, and this also would be true under subsection (iv) of the statute, we require that the application of these statutes be the subject of strict scrutiny. TR v. Washakie County Department of Public Assistance and Social Services, Wyo., 736 P.2d 712 (1987); DS and RS v. Department of Public Assistance and Social Services, Wyo., 607 P.2d 911 (1980). See also, Matter of Parental Rights of PP, Wyo., 648 P.2d 512 (1982); State in Interest of C., Wyo., 638 P.2d 165 (1981). The strict scrutiny standard is invoked because of the conflict between the fundamental liberty of familial association and the compelling interest of the state in protecting the welfare of children. TR v. Department of Public Assistance and Social Service, supra; Matter of MLM, Wyo., 682 P.2d 982 (1984); Matter of GP, supra; Matter of SKJ, Wyo., 673 P.2d 640 (1983). Even though we require clear and convincing evidence as a part of the strict scrutiny standard, see, e.g., Matter of MLM, supra; Matter of GP, supra; Matter of SKJ, supra; Matter of Parental Rights of PP, supra, we examine the evidence in the light most favorable to the prevailing party, assuming all favorable evidence to be true while excluding from consideration conflicting evidence presented by the unsuccessful party. Further, we give the evidence of the prevailing party every favorable inference which fairly may be drawn from it. TR v. Washakie County Department of Public Assistance and Social Services, supra; Matter of SKJ, supra; Matter of Parental Rights of PP, supra.

Accepting these legal principles, the appellant has focused his attack upon the order of the district court on the second element required for termination of parental rights because of abuse or neglect. He concedes that there is clear and convincing evidence of child abuse in this case but argues that there is no evidence to demonstrate unsuccessful efforts to rehabilitate the family (i.e., termination of parental rights is the least intrusive means to satisfy the state's interest). Essentially for that reason, he does not address the third element of whether the health and safety of these children would be jeopardized seriously if they were returned to him. We will not discuss the evidence of abuse in light of the appellant's concession, but we do agree with the district judge that, without question, there was clear and convincing evidence of abuse. That conduct was manifested by physical abuse and, later, sexual abuse.

The crux of the appellant's argument is that, far from being demonstrated by clear and convincing evidence, the record is silent as to any unsuccessful efforts in rehabilitating the family, particularly the appellant, by any authorized agency or mental health professional within the State of Wyoming. It is true that the only evidence of efforts at rehabilitation relates to the intervention of the Department of Human Services of the Department of Institutions, Social and Rehabilitative Services in the State of Oklahoma, from about mid-October of 1981 until the end of the year 1983. That evidence discloses that the four sons of the appellant and his wife were placed in foster care in Oklahoma in the fall of 1981. The older of their two daughters was born during the period that the four boys were in foster care, and the second daughter was born after all the boys had been returned to the family. While the four boys were in foster care, the appellant, together with his wife, was required to participate in a program of parent training and counseling.

The progress of appellant and his wife with respect to this program was somewhat sporadic, but it was completed satisfactorily after a suggestion that it might be necessary to terminate parental rights to the children. After completion of the parent training and counseling program, the two younger sons were returned to the appellant and his wife initially, and later, the two older boys were returned. A question then arose about further efforts to remove the children from their family home, and the family precipitously left Oklahoma in November of 1983. After leaving Oklahoma, the family resided in Arizona for several months before coming to Wyoming. The sexual abuse of his children by the appellant commenced after the return of the male children to the family home in Oklahoma. It included all of the children except the younger daughter. The lack of success of the rehabilitative efforts in Oklahoma could not be more graphically manifested than it was by the appellant's subsequent abuse of his children. Ultimately, complaint of the sexual abuse was made in Casper, and that complaint led to the appellant's conviction of sexual abuse based upon his plea of guilty. It also resulted in the institution of the proceeding to terminate his parental rights.

Appellant does not argue, and there can be no question, that the Oklahoma intervention would not constitute clear and convincing evidence of the second element required to be shown in order to terminate parental rights under § 14–2–309(a)(iii), W.S.1977 (1986 Replacement), if those events had occurred within Wyoming. Appellant's position, however, is that the Wyoming statute requires that those efforts be accomplished within the State of Wyoming, and in the absence of evidence that they are, a case must fail because the second element is not established. We reject this claim of the appellant. We previously have relied upon evidence of neglect and rehabilitation in the State of Washington to justify the termination of parental rights in Wyoming. *Matter of MLM*, supra. While that case involved efforts at rehabilitation in both Washington and Wyoming, it is clear that the evidence of the efforts in the State of Washington was deemed relevant for purposes of establishing the second element of this ground for termination of parental rights in Wyoming. We are satisfied that the trial court committed no error in this case in relying only upon the evidence of rehabilitative efforts in Oklahoma to sustain the requirement that "(2) unsuccessful efforts to rehabilitate the family (i.e., termination of parental rights is the least intrusive means to satisfy the State's interest)" (*Matter of GP*, supra, 679 P.2d at 1005) by concluding that the evidence of efforts in Oklahoma was clear and convincing on this issue. If that were not permissible under the language of a statute such as ours, it would be possible for parents always to avoid termination of parental rights under that provision of the statute by moving from jurisdiction to jurisdiction. Accepting that result would be antithetical to our rule that the best interests of the child must be addressed in these proceedings. We hold that this evidence was sufficient to allow the appellant's parental rights to be terminated and that the district court did not err in refusing to grant the appellant's motion to dismiss at the close of the State's case.

The appellant extends his argument relative to rehabilitation by then relying upon § 14–2–316, W.S.1977 (1986 Replacement), which reads as follows:

"If the court does not terminate the parent-child relationship, it shall dismiss the petition or direct an authorized agency to continue to make efforts to rehabilitate the parent and continue the hearing for no longer than six (6) months. The authorized agency shall provide the court with any additional reports regarding its rehabilitative efforts and results. Pending final hearing, the court may continue the present placement of the child or place the child in the temporary custody of an authorized agency and fix responsibility for temporary child support."

The continuance of efforts to rehabilitate the parent depends upon first there being no termination and second a conclusion by the court not to dismiss the petition. In our disposition of the issue arising out of

the sufficiency of the evidence of efforts at rehabilitation, we have held that the court properly decided to terminate the parent-child relationship. There is no need to determine whether the district court abused its discretion in refusing to continue the hearing so that additional efforts to rehabilitate the appellant might occur. The statute is not applicable.

In asserting his fourth claim of error, the appellant makes his only attack upon the alternative determination by the district court that parental rights also could be terminated in this instance pursuant to § 14–2–309(a)(iv), W.S.1977 (1986 Replacement), Appellant argues that the statute provides no standard for determining whether a parent is unfit to have the custody and control of the child and that, in the absence of such a standard, this statutory language is unconstitutionally vague. The appellant's contention is interesting, but it was not presented to the district court. We quote from *TR v. Washakie County Department of Public Assistance and Social Services*, supra, 736 P.2d at 719–720:

"* * * The rule to be applied is well settled:

"' * * * [I]n the absence of fundamental error affecting a substantial right of the appellant or involving the jurisdiction of the court, we do not consider questions sought to be raised for the first time on appeal. Furthermore, unless plain error is present, questions concerning the constitutionality of a statute are not considered on appeal if the party presenting them failed to present or argue the contentions in the trial court.' *Jahnke v. State*, Wyo., 692 P.2d 911, 928 (1984). (Citations omitted.)

"There is no question that termination of parental rights is directed toward a right that is fundamental and substantial. *Matter of GP*, Wyo., 679 P.2d 976 (1984), citing *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Even though a fundamental right is involved, the appellant's contentions do not raise a fundamental error or jurisdictional issue. Furthermore, there is no indication of plain error. The record and the brief do not demonstrate the existence of a 'clear and unequivocal rule of law, which particular facts show was transgressed in a clear and obvious, not merely arguable way.' *Jahnke v. State*, supra, at 928."

This is an instance in which it is appropriate to apply the rule that we will not address this constitutional argument. The treatment of his children by the appellant, as disclosed in the record before the trial court, demonstrates unequivocally that the appellant is an unfit parent by any standard. The appellant has not shown in any way that the alleged vagueness failed to provide him fair warning that his conduct would not be considered evidence of his unfitness as a parent. We close the discussion of this issue by simply noting that even if the appellant had been successful in arguing the insufficiency of the evidence to terminate his parental rights for abuse, this judgment would have to stand because of his conviction of the felony coupled with the clear and convincing evidence that he is an unfit parent by any standard.

The judgment of the district court is affirmed.