In the Matter of the Persons of SYM and JFM, minor children:

DKM, Appellant (Respondent),

v.

RJS, Appellee (Petitioner).

No. C–95–12.

Supreme Court of Wyoming.

Oct. 8, 1996.

Richard J. Albanese, Powell, for Appellant.

Debra Featherston Rush, Worland, for Appellee.

Larry B. Berryman, Worland, Guardian Ad Litem.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

Due to incarceration and unfitness as a parent, appellant suffered termination of his parental rights to his minor children on the petition of appellee. Appellant claims his lack of fitness was not established and that less intrusive means of protecting the children were not undertaken. The constitutional magnitude of parental rights cannot, however, gainsay clear and convincing evidence that appellant is neither fit to the task of parenting nor up to the task of making himself so. We affirm.

## I. ISSUES

In his statement of the issues, DKM (appellant) makes the following assertions:

1) Termination of parental rights under the provisions of W.S. § 14–2–309(a)(iv) requires a showing, by clear and convincing evidence, that no lesser intrusive means [can suffice] to accomplish the State's interest in protecting SYM and JFM.

2) "Incarceration", as used by W.S. § 14–2–309(a)(iv) requires a showing that the parent, through his criminal actions, has effectively removed himself from the parental role due to the period of incarceration.

3) W.S. § 14–2–309(a)(iv) requires a showing that the Respondent is unfit to have any contact with his children before his parental rights may be terminated.

Appellee, RJS (the mother), identifies only one issue:

1. Did the Petitioner present by clear and convincing evidence, facts sufficient to terminate Appellant's parental rights to SYM and JFM, pursuant to the provisions of W.S. § 14–2–309(a)(iv)?

The children's Guardian ad Litem synthesizes the issues identified by the parties:

### ISSUE ONE:

Fundamental Constitutional Rights are not compromised by termination of parental rights accomplished under W.S.A. Section 14–2–309(a)(iv), in those cases where by clear and convincing evidence it is established that (1) the parent is incarcerated due to the conviction of a felony and (2) that under the particular circumstances, such parent's unfitness to have the custody and control of the child is obvious.

### ISSUE TWO:

"Incarceration", as utilized in W.S.A. Section 14–2–309(a)(iv) is an unambiguous term and entitled to its plain and ordinary meaning.

### ISSUE THREE:

"Unfitness" as contemplated within W.S.A. Section 14–2–309(a)(iv) envisions a circumstance in which a parent has to a significant degree failed, because of moral delinquency, to appreciate and perform ordinary parental obligations and duties and the best interest of the child(ren) preclude said parent from gaining control or custody of them.

## II. FACTS

The mother brought her daughter of a previous marriage, KB, to her union with appellant in 1990. SYM and JFM were issue of the marriage with appellant.

On June 28, 1993, appellant was sentenced to a term at the Wyoming State Penitentiary for forcing KB to perform oral sex upon him. Appellant admitted to at least six separate such transgressions upon KB. A childhood victim of sexual and physical abuse himself, appellant's violations of KB characterize a long and uninterrupted history of assaultive and emotionally abusive behavior toward his children, their mother, a prior spouse and

* Chief Justice at time of conference.

her children. A psychotherapist who evaluated appellant following his incarceration offered little hope for the future:

> [Appellant] suffers from a **personality disorder.** That means change is slow to occur and there is a tendency to return to previously maladaptive ways of coping.
>
>     \*      \*      \*      \*      \*      \*
>
> \* \* \* Being personality disordered, chemically dependent and having many traits of a sex addict, diminish [appellant's] prognosis considerably from that of other incest perpetrators.

(Emphasis in original.) Appellant's concept of responsibility is so skewed that he blames his minor victim for his crime, stating: "She should have talked to her mother earlier."

### III. STANDARD OF REVIEW

    █ The case for termination of parental rights must be made by clear and convincing evidence pursuant to Wyo. Stat. § 14–2–309(a) (1994). Because association with one's immediate family is a fundamental liberty interest, application of the "clear and convincing" standard to evidence supporting termination becomes the subject of strict scrutiny at the appellate level. *TR v. Washakie County Dept. of Public Assistance and Social Services,* 736 P.2d 712, 715 (Wyo. 1987). Exacting though such scrutiny may be, we undertake examination of the evidence in a light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party. *In Interest of JG,* 742 P.2d 770, 773 (Wyo.1987).

    █ The fundamental nature of the parent-child relationship also leads to strict construction of applicable statutes against those seeking termination and in favor of the nonconsenting parent. *DS v. Department of Public Assistance and Social Services,* 607 P.2d 911, 918 (Wyo.1980) (*quoting Matter of Voss' Adoption,* 550 P.2d 481, 485 (Wyo. 1976)). When, however, the language of a statute conveys a clear and definite meaning, we neither face the need nor acquire the license to *construe* that statute. *Goff v. Goff,* 844 P.2d 1087, 1089 (Wyo.1993); *Matter of*

*Adoption of RDS,* 787 P.2d 968, 969 n. 5 (Wyo.1990).

### IV. DISCUSSION

    █ Wyo. Stat. § 14–2–309(a)(i) through (iv) affords four independent bases for the termination of parental rights. Termination actions taken pursuant to Wyo. Stat. § 14–2–309(a)(iii) focus upon the unfitness of the parent, requiring the petitioner to establish three elements:

> "(1) [A]busive treatment or neglect by the parent; (2) unsuccessful efforts to rehabilitate the family (i.e. termination of parental rights is the least intrusive means to satisfy the State's interest); and (3) the child's health and safety would be seriously jeopardized by remaining with or returning to the parent." *Matter of GP,* Wyo., 679 P.2d 976, 1005 (1984).

*In Interest of JG,* 742 P.2d at 773.

    █ When termination of parental rights is sought pursuant to Wyo. Stat. § 14–2–309(a)(iv), the petitioner must establish two elements:

> (1) that the parent is incarcerated due to conviction of a felony; and (2) that the parent is unfit to have custody and control of the child.

*RW v. State ex rel. Laramie County Dept. of Public Assistance and Social Services,* 766 P.2d 555, 557 (Wyo.1989).

We have yet to fully resolve the question of whether proof of parental unfitness, for purposes of Wyo. Stat. § 14–2–309(a)(iv), necessarily requires a showing of unsuccessful rehabilitation efforts—the "lesser intrusive means" elemental to a showing of unfitness under Wyo. Stat. § 14–2–309(a)(iii). *See RW,* 766 P.2d at 557–59 (Justices Thomas, Golden and Urbigkit specially concurring).

In *RW,* the articulable impracticality of rehabilitation foreclosed any need to forge a consensus with respect to the "lesser intrusive means" test. Here, treatment was resisted by an appellant whose chances at rehabilitation were shown to be negligible, even under the most optimal of circumstances.

His own expert witness questioned appellant's commitment to therapy, testifying that treatment had effected no meaningful change in appellant's attitudes or predispositions, leaving him a continual threat to the welfare of children in his care and custody. Finding that appellant's unfitness as a parent was likely to endure, the district court was able to determine that appellant is "unfit under any standard to have the care and custody of his two (2) minor children." Even under the cautious view urged by the special concurrences in *RW*, 766 P.2d at 557–59, the evidence demonstrates that "lesser intrusive means" of protecting the State's interest (i.e., the children's well-being) have failed and that appellant's grim prognosis for recovery renders further efforts impractical.

■ Appellant's unfitness to the role of parent, by *any* standard, makes it unnecessary to resolve the "lesser intrusive means" issue with respect to Wyo. Stat. § 14–2–309(a)(iv). No such question lingers, however, as to the element of incarceration necessary to termination under Wyo. Stat. § 14–2–309(a)(iv). There can be no doubt as to the plain and ordinary meaning of the initial element required by Wyo. Stat. § 14–2–309(a)(iv): "[t]he parent is incarcerated due to the conviction of a felony * * *." Absent the slightest hint of ambiguity, we decline appellant's invitation to judicially superimpose a durational threshold on the element of incarceration due to conviction of a felony.

## V. CONCLUSION

■ The mother has proven, by clear and convincing evidence, appellant's incarceration due to conviction of a felony and his manifest unfitness to have custody and control of *any* child. The decision of the district court to terminate appellant's parental rights to SYM and JFM is affirmed.