2005 WY 102

**CDB, Jr., Appellant (Respondent),**

v.

**DJE, Appellee (Petitioner).**

**No. C–04–14.**

Supreme Court of Wyoming.

Aug. 25, 2005.

Representing Appellant: Vaughn H. Newbauer, Laramie, Wyoming.

Representing Appellee: John M. Burman, Faculty Supervisor; Shannan Tucker, Student Intern; and Amanda Rustad, Student Intern, of the University of Wyoming Legal Services, Laramie, Wyoming. Argument by Ms. Tucker.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   After pleading guilty, CDB, Jr. (Father) was convicted of several counts of sexually abusing his daughter, HMB. HMB's

mother, DJE (Mother), filed a petition to terminate Father's parental rights to HMB. The trial court terminated Father's parental rights, finding that circumstances supporting termination pursuant to Wyo. Stat. Ann. § 14–2–309(a)(iii) and § 14–2–309(a)(iv) (Lex-isNexis 2005)[1] were proven by clear and convincing evidence. Father appeals. We affirm.[2]

## ISSUES

[¶ 2] CDB raises the following issues:

I. Was insufficient evidence presented to the district court to terminate appellant's parental rights pursuant to Wyoming Statutes [sic] § 14–2–309(a)(iii) when there was no showing of any efforts to rehabilitate the family and there was no showing that the minor child's health or safety would be jeopardized if appellant's parental rights remained intact?

II. Was insufficient evidence presented to the district court to terminate appellant's parental rights pursuant to Wyoming Statutes [sic] § 14–2–309(a)(iv) when there was no showing of serious bodily injury, and thus no showing of unfitness?

## FACTS

[¶ 3] The material facts are not in dispute. Father pleaded guilty to two counts of sexual assault in the second degree, one count of sexual assault in the third degree, and one count of incest. He was sentenced to a minimum of forty-seven years and a maximum of one hundred years in the Wyoming State Penitentiary. HMB was the victim of these sexual assaults. Mother testified at the termination hearing that Father admitted he sexually molested HMB more than once. Mother also testified that HMB is scared of Father and his family and she did not want to be related to them anymore. No evidence to the contrary was presented.

## DISCUSSION

### *Standard of Review*

■ [¶ 4] Father challenges the sufficiency of the evidence supporting termination of his parental rights. When a party challenges the sufficiency of the evidence supporting termination, this Court applies our traditional principles of evidentiary review. *In re CC*, 2004 WY 167, ¶ 11, 102 P.3d 890, 894 (Wyo.2004); *Matter of SYM*, 924 P.2d 985, 987 (Wyo.1996). We examine the evidence in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party. *In re MN*, 2003 WY 135, ¶ 5, 78 P.3d 232, 234 (Wyo.2003). This Court then reviews the supporting evidence to ascertain if it clearly and convincingly establishes the statutory elements required to support termination. *In re Termination of Parental Rights to IH*, 2001 WY 100, ¶ 14, 33 P.3d 172, 178 (Wyo.2001). Evidence is clear and convincing if it would persuade a trier of fact that the truth of the contention is highly probable. *Matter of GP*, 679 P.2d 976, 982 (Wyo.1984).

### *Sufficiency of the Evidence*

■ [¶ 5] The trial court found clear and convincing evidence to support the termination of Father's parental rights under both § 14–2–309(a)(iii) and § 14–2–309(a)(iv). Fa-

---

1. § 14–2–309. Grounds for termination of parent-child relationship; clear and convincing evidence.

    (a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:
    * * * *
    (iii) The child has been abused or neglected by the parent and reasonable efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopardized by remaining with or returning to the parent;
    * * * *
    (iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custody and control of the child[.]

2. Father's brief fails to comply with W.R.A.P. 7.05(b)(3) in that the font size is too small. We take this opportunity to remind counsel that such violations render a party susceptible to sanctions pursuant to W.R.A.P. 1.03.

ther's parental rights are properly terminated if either subsection is satisfied. We will address subsection (a)(iv) first (Father's Issue II). Subsection (a)(iv) permits termination of parental rights if clear and convincing evidence establishes that the parent is incarcerated due to a felony conviction and the parent is unfit to have custody and control of the child. Father admits he is incarcerated due to his conviction of a felony, Father claims, however, that there is no evidence that he is unfit to have the custody and control of HMB.[3]

[¶ 6] Father argues that the district court cannot use his convictions in determining his fitness to be a parent. He argues that, because there is no other evidence besides his convictions, the evidence is insufficient to support termination of his parental rights. We agree that the fact of incarceration, by itself, is not per se evidence of unfitness. *Matter of Adoption of JLP*, 774 P.2d 624, 630 (Wyo.1989) ("incarceration alone is insufficient to establish unfitness"). Father's incarceration is, however, a reality that severely impacts the parent-child relationship and therefore cannot be ignored. The district court is entitled to look at the circumstances surrounding Father's felony conviction when determining Father's fitness to have custody and control of his daughter. *Id.*

[¶ 7] The circumstances surrounding Father's incarceration support a finding that Father is unfit to have custody and control of HMB. Because of the length of Father's term of incarceration, it is extremely improbable that Father will ever be able to appropriately care for the ongoing physical, mental or emotional needs of HMB during her minority or indeed well into her adulthood. Most importantly, though, is the nature of the crime underlying Father's conviction. Father was convicted on several counts of sexually abusing his daughter. There can be nothing that makes a parent more intrinsically unfit than abusing his child. *See In Interest of JG*, 742 P.2d 770, 775 (Wyo.1987) (Appellant's abuse

of his children "demonstrates unequivocally that the appellant is an unfit parent by any standard.").

[¶ 8] This Court has previously upheld a finding of unfitness under similar circumstances:

> [Appellant's] crimes indicate extreme moral delinquency, that he will be unable to discharge his parental duties throughout the minority of the child, and that he is generally unsuitable to perform the requisite parental functions. This evidence ... graphically demonstrates that appellant is an unfit parent by any standard.

*JLP*, 774 P.2d at 632. Upon consideration of multiple factors, it is clear that Father is unfit to have custody and control of HMB. The statutory criteria for termination of parental rights under § 14–2–309(a)(iv) having been satisfied, we proceed no further.

## CONCLUSION

[¶ 9] Clear and convincing evidence exists supporting termination of Father's parental rights. Father's unfitness to be a parent to HMB is manifestly obvious. Affirmed.

---

3. Father's phrasing of his issue is somewhat confusing. No finding of serious bodily injury was made by the district court, nor was such a finding material to the final determination of the district court. Based upon the argument presented, we read Father's issue to simply challenge the sufficiency of evidence supporting a finding of unfitness.