224 P.3d 14 (2010)
2010 WY 9
In the Matter of the Termination of Parental Rights to WDW, a minor child:
JLW, Appellant (Respondent),
v.
CAB, Appellee (Petitioner).
No. S-09-0097.
Supreme Court of Wyoming.
January 28, 2010.
*16 Representing Appellant: John M. Burman, Director, Legal Services; Marci Day, Student Director, Legal Services. Argument by Ms. Day.
Representing Appellee: Juan Leo DeHerrera, DeHerrera & Bach Law Center, PC, Rawlins, Wyoming.
Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.
BURKE, Justice.
[¶ 1] JLW (Father) appeals the district court's order terminating his parental rights pursuant to Wyo. Stat. Ann. § 14-2-309(a)(iv). He claims the district court failed to satisfy the social study requirements detailed in Wyo. Stat. Ann. § 14-2-314. He also contends there was insufficient evidence to support the district court's finding that he was an unfit parent. We affirm.

ISSUES
[¶ 2] Father presents the following issues:
1. Whether the District Court erroneously exercised its discretion in terminating the parental rights of [Father] after:
a. Failing to direct that a social study should be made upon the filing of the petition for termination as required by Wyo. Stat. Ann. § 14-2-314 and rendering a judgment in favor of termination without having reviewed the completed home study.
b. Ordering a home study for the purpose of the possible adoption of WDW by his step-father rather than for the purpose of determining whether termination would be appropriate.
2. Whether the District Court erred in finding that [Mother] established that [Father] was unfit to have custody and control of the minor child, WDW, for the purposes of Wyo. Stat. Ann. § 14-2-309(a)(iv), because:
a. [Mother] failed to carry the evidentiary burden of proving [Father] was unfit to have custody and control by clear and convincing evidence.

FACTS
[¶ 3] Father and CAB (Mother) are the parents of WDW who was born in May 1999. Mother filed for divorce shortly after the birth and a default divorce decree was entered in October 1999. Mother was awarded sole custody of WDW. Father was ordered to pay $300 per month in child support. The divorce decree did not provide Father with any visitation rights. It did, however, specifically provide that Father could petition for visitation rights in the future.
[¶ 4] Mother married CB in June 2005. CB wants to adopt WDW and, as an initial step in the adoption process, Mother sought to obtain Father's consent to the adoption. Father refused to give consent. Mother then filed a petition to terminate Father's parental rights. Father contested the petition. The district court appointed a Guardian ad Litem for WDW and a bench trial was held in September 2008.
[¶ 5] At the beginning of trial, Father's attorney advised the court that the social study mandated by Wyo. Stat. Ann. § 14-2-314 had not been ordered. Father's counsel did not seek a continuance. Instead, she suggested that the district court order the social study after trial if the court felt that it was necessary. The court accepted the suggestion and trial proceeded as scheduled.
[¶ 6] The evidence presented at trial established that Father was in jail at the time of WDW's birth and had been incarcerated on numerous occasions since that time. At the time of trial, Father was serving a five to seven year sentence for aggravated burglary, a felony. He began serving the sentence in 2006. Father has two other felony convictions and additional felony charges are currently pending in Utah. Father has struggled with drug and alcohol abuse when not in prison. Father never voluntarily paid child support. Support payments were garnished *17 from his wages during those periods of time when Father was not in prison.
[¶ 7] Father has never met WDW. He has made sporadic attempts to establish contact. On occasion, he requested visitation. Mother rebuffed those requests, claiming that visitation was not authorized by the divorce decree and that Father was not current in his child support obligations. Over the years, Father sent approximately 70 letters to WDW. Most of the letters were sent while Father was in prison. He has sent WDW two gifts.
[¶ 8] At the close of the evidence, the district court took the matter under advisement and ordered the social study. On January 12, 2009, the district court entered its decision letter finding generally against Father and concluding that his parental rights should be terminated. In the decision letter, the district court noted that it had not yet received the social study. The social study was filed with the court on January 15, 2009. The Order Terminating Parental Rights was entered on February 20, 2009. Father filed a timely appeal.

DISCUSSION

Social Study
[¶ 9] Father's first issue centers around Wyo. Stat. Ann. § 14-2-314 (LexisNexis 2005) which states:
Upon the filing of a petition by anyone other than an authorized agency as defined by W.S. 14-2-308(a)(ii)(A), the court shall direct that a social study be made by the appropriate county office of public assistance and social services or by any authorized agency to aid the court in making a final disposition of the petition. The social study shall state the factual information pertaining to the allegations in the petition, the social history and the present situation and environment of the child and parent. The social study shall not be excluded as evidence by reason of hearsay alone. The social study shall be made available to any party to the action upon request.
Father contends that the district court did not comply with the statute. His complaint is threefold. First, he contends that the district court erred in failing to order the social study when the petition for termination was filed. Second, he claims that the district court erred in terminating his parental rights "before receiving a completed social study." Finally, he asserts that the social study was inadequate because it did not contain sufficient information regarding Father's present situation.
[¶ 10] The facts relating to the social study are not in dispute. The social study was not ordered when the petition for termination was filed. The district court and the parties were aware of that oversight prior to the commencement of trial. Father, through counsel, suggested that the trial proceed without the social study. The court accepted Father's suggestion and ordered the social study after trial. Prior to receiving a completed social study, the court, by decision letter, notified counsel of its intention to terminate Father's parental rights. In footnote two of the decision letter, the court stated:
The Court has not received a completed social study at this point. However, keeping in mind that [Father] is incarcerated by the Wyoming Department of Corrections and that [Mother] has raised [WDW] and his brother for their entire lives and has worked at the Carbon County Child Development Center for several years, the Court believes that the information contained in a completed social study will only be cumulative of the evidence presented at trial. The Court seeks to end the delay in issuing its opinion caused by waiting on the social study. Therefore, the Court issues its opinion here realizing that the statute mandates the social study, but finding its absence to be harmless.
[¶ 11] The social study was filed with the court on January 15, 2009. More than a month later, on February 20, 2009, the district court entered its Order Terminating Parental Rights. We will first address Father's claim of error relating to the timing of the social study.
[¶ 12] The statutory language is mandatory and the social study should have been ordered when the petition was filed. Father, however, intentionally and knowingly *18 waived any objection to the lack of timely compliance.[1] It was Father's counsel who asked the court to proceed with trial:
THE COURT: But in any event, we apparently all agree that preparation of a social study is mandatory under 14-2-314, and it has not been done in this case. Is that correct?
[PETITIONER'S COUNSEL]: That's correct, Your Honor.
[GUARDIAN AD LITEM]: Yes, Your Honor.
[RESPONDENT'S COUNSEL]: And, Your Honor, ... the statute requires both the appointment of a guardian ad litem and a social study ... I would propose that we take evidence today, and if the Court feels it is necessary to [order] a social study for further proceedings that it reserve its judgment.
THE COURT: And that is what we will do.
[RESPONDENT'S COUNSEL]: Beyond that, I don't have any further comment.
[¶ 13] Father's contention that his parental rights were terminated prior to the filing of the social study is not correct. Father's rights were terminated on February 20, 2009 when the district court entered the Order Terminating Parental Rights. The social study was filed on January 15, 2009. Although the decision letter was filed prior to receipt of the social study, the decision letter did not terminate Father's parental rights. "A court's decision letter or opinion letter, made or entered in writing, is not a judgment." W.R.C.P. 54(a); see also Broadhead v. Broadhead, 737 P.2d 731, 733 (Wyo.1987).
[¶ 14] We cannot ascertain from the record whether the district court reviewed the social study prior to entry of the termination order. It is possible that the court reviewed the social study and concluded that it supported the termination decision. It is also possible that the district court entered the termination order without reviewing the social study. Under either scenario, Father has failed to establish prejudicial error. To establish prejudicial error, Father must show "that the outcome of his trial would have been more favorable had the error not occurred." RK v. State ex rel. Natrona County Child Support Enforcement Dep't, 2008 WY 1, ¶ 18, 174 P.3d 166, 171 (Wyo.2008).
[¶ 15] Father complains that the social study was inadequate because he "was never personally interviewed, and the study does not talk about [Father]'s present situation or what efforts he has made to improve his present situation since being incarcerated." Father's statement is accurate. Critically, however, he fails to identify any information that should have been included in the social study that was not presented to the district court during trial.
[¶ 16] Father was present at trial. He testified regarding his social history, current situation, and self-improvement efforts. He admitted that he had never met WDW and testified as to efforts he had made to establish contact. He conceded that he is currently in prison and that additional felony charges are pending against him. He admitted to past problems with drug and alcohol abuse but testified regarding his current sobriety. He advised the court that he is attending Alcoholics Anonymous/Narcotics Anonymous meetings, as well as "Thinking for a Change" in order to be able to maintain sobriety when he is released from prison. He told the court that he is providing GED tutoring to other inmates. In short, he fully apprised the court of his social history, his relationship with WDW, and his current situation. The district court opted to issue its decision letter without the benefit of the social study in order to avoid further delay and because the court was convinced that information contained in the social study would merely be cumulative of the evidence *19 presented at trial. Having reviewed the social study, we conclude that the district court was correct. The information in the social study was cumulative and nothing in the study contradicted the trial evidence. Father has failed to establish prejudicial error.

Sufficiency of Evidence
[¶ 17] Father challenges the sufficiency of the evidence supporting termination of his parental rights. We apply our traditional principles of evidentiary review when a party challenges the sufficiency of the evidence supporting termination. BA v. Laramie County Dep't of Family Servs., 2007 WY 128, ¶ 7, 163 P.3d 844, 847 (Wyo. 2007); CDB v. DJE, 2005 WY 102, ¶ 4, 118 P.3d 439, 440 (Wyo.2005); BSC v. Natrona County Dep't of Family Servs., 2004 WY 167, ¶ 11, 102 P.3d 890, 894 (Wyo.2004). We examine the evidence in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party. MN v. State, Dep't of Family Servs., 2003 WY 135, ¶ 5, 78 P.3d 232, 234 (Wyo.2003). This Court then reviews the supporting evidence to ascertain if it clearly and convincingly satisfies the statutory elements required to support termination. EBH v. Hot Springs Dep't of Family Servs., 2001 WY 100, ¶ 14, 33 P.3d 172, 178 (Wyo.2001). Evidence is clear and convincing if it would persuade a trier of fact that the truth of the contention is highly probable. LP v. Natrona County Dep't of Public Assistance and Social Servs., 679 P.2d 976, 982 (Wyo.1984). This Court may examine all of the properly admissible evidence in the record, but we do not reweigh the evidence. Street v. Street, 2009 WY 85, ¶ 9, 211 P.3d 495, 498 (Wyo.2009). In applying our standard of review, we keep in mind that the right to associate with one's family is fundamental and strictly scrutinize petitions to terminate parental rights. RLA v. State of Wyo., Dep't of Family Servs., 2009 WY 109, ¶ 13, 215 P.3d 266, 268 (Wyo.2009).
[¶ 18] The district court found clear and convincing evidence to support the termination of Father's parental rights under Wyo. Stat. Ann. § 14-2-309(a)(iv).[2] In order to prevail under Wyo. Stat. Ann. § 14-2-309(a)(iv), a petitioner must establish, by clear and convincing evidence, that 1) the parent is incarcerated due to a felony conviction, and 2) he is unfit to have custody and control of the child. See DKM v. RJS, 924 P.2d 985, 987 (Wyo.1996).
[¶ 19] Father concedes that he is currently incarcerated for the commission of a felony, but claims that the evidence was insufficient to prove he is an unfit parent. The term unfit is not defined in the termination statutes. We have, however, previously recognized that "fitness includes the ability to meet the ongoing physical, mental and emotional needs of the child." RLA, 14, ¶ 215 P.3d at 269, citing CDB, ¶ 7, 118 P.3d at 441. Whether a parent is fit to have custody and control of a child is a decision that must be made within the context of a particular case and depends upon the situation and attributes of the specific parent and child. RLA, ¶ 14, 215 P.3d at 269.
[¶ 20] Father points to evidence in the record that is favorable to his position in an effort to challenge the district court's finding of unfitness. He notes that the crime for which he is currently in prison does not, by itself, warrant a finding of unfitness. He asserts that he made numerous requests of Mother to allow visitation and contends that Mother improperly refused those requests. He points to the numerous letters he has sent over the years to WDW as evidence of his efforts to establish a positive relationship. *20 He also notes that he is currently living a drug- and alcohol-free lifestyle. He claims that he will be a better parent when released because of the efforts he has made to improve while in prison. He alleges that he will be released from prison in 2010. All of this evidence is favorable to Father's position. Unfortunately for Father, it is not the only evidence that was introduced at trial.
[¶ 21] There is significant evidence in the record that was unfavorable to Father's position. All of the evidence introduced at trial was properly considered and weighed by the district court. The court presented its analysis in a thorough and well-reasoned decision letter. In this appeal, Father essentially asks this Court to reweigh that evidence. That is not a proper task for this Court. We must review the evidence in the light most favorable to the prevailing party and determine whether that evidence clearly and convincingly satisfies the statutory elements required to support a termination of parental rights. CDB, ¶ 4, 118 P.3d at 440. We conclude that it does.
[¶ 22] The district court specifically found that Father's incarceration for aggravated burglary does not, by itself, demonstrate unfitness. Compare CDB, ¶¶ 7-8, 118 P.3d at 441 (holding that underlying crime of sexual abuse of the daughter, without more, demonstrated unfitness). The court, however, determined that the amount of time that Father has spent in prison has had an impact on his fitness as a parent:
[F]ive to seven years is a very long time to a child, particularly considering that [WDW] is already nine years old and [Father] has never met him in person. [Father] has already failed to provide childcare through half of [WDW]'s minority. It is uncontested that at the earliest time that [Father] could be released from incarceration, he will have already missed all of [WDW's] childhood and [WDW] will be an adolescent.
[¶ 23] While on occasion Father asked Mother for visitation, he never initiated legal action to obtain visitation rights. According to the district court, the failure to pursue visitation weighed against Father's fitness:
[T]his Petition Requesting Stalking Protection Order also demonstrates [Father]'s immature and misdirected behavior toward obtaining visitation with [WDW]. Instead of seeking visitation through the proper channels, [Father] chose to repeatedly harass [Mother] and her family. Therefore, the Court concludes that [Father]'s failure to visit [WDW] and his failure to pursue the proper channels for obtaining that visitation are factors demonstrating his parental unfitness.
[¶ 24] Father never voluntarily paid child support. Support payments that were made resulted from garnishment of his wages. Although Father is currently sober, it is undisputed that he has struggled with drugs and alcohol throughout his adult life. It is appropriate for a district court to consider a parent's history and pattern of behavior over time in determining whether rights should be terminated. BA, ¶ 19, 163 P.3d at 849; CL v. DFS, 2007 WY 23, ¶ 26, 151 P.3d 1102, 1108-09 (Wyo.2007); RS v. DFS, 2004 WY 87, ¶ 16, 94 P.3d 1025, 1029 (Wyo.2004). According to the district court:
[T]he Court holds serious concerns regarding [Father]'s prior use of drugs and alcohol. As is often the case, [Father]'s alcohol abuse is a substantial factor contributing toward his criminal activity. Consequently, the Court is also concerned about [Father]'s continued promises to his son and [Mother], none of which he has fulfilled. [Father]'s drug and alcohol use has led to his recurring incarceration, which in turn has prevented him from accomplishing the promises he has made. As [Father] stated at trial, he recently "planned to do something, but then got arrested." There is no doubt that [Father] has been on a repetitive, destructive pattern of behavior that has contributed to his failure to fulfill his responsibilities.
While it is appropriate to consider the history of the parent, focus should be maintained on [his] current status. [BA], ¶ 19. After all, "[t]he statute unambiguously requires a finding of present unfitness." Id. at FN 4. [Father] is currently living an alcohol and drug-free life, ostensibly due to his imprisonment. The Court *21 has no reason to doubt the sincerity with which he cares about his son, his well-written letters to both [Mother] and [WDW] evince such. However, the Court holds serious concerns regarding [Father]'s repeated difficulties and his limited attempts at personal improvement. Simply put, [Father]'s extended history of drug and alcohol abuse and his minimal attempts to remedy his struggles are factors demonstrating his parental unfitness.
[¶ 25] Although Father contends that he will be released from prison in 2010, the evidence indicates that additional felony charges are still pending against Father in Utah. The district court summed up the evidence as follows:
From the evidence presented, there is no question that [Mother] has performed an admirable job of raising [WDW] without involvement by [Father]. [Father], however, has contributed little financial support, no physical support, and the consequences of his actions have hindered his opportunities to parent. His past acts demonstrate his inability to make sound decisions and live a law-abiding life. His only attempts at obtaining visitation in the past centered on harassing and threatening [Mother] and her family. By the time he is released from his current incarceration, he will have missed the bulk of [WDW]'s minority. While [Father] may mean well, his actions are not consistent with those of a fit parent.
. . .
This Court agrees with the Wyoming Supreme Court in believing "that parents should not be given numerous chances after failing to adequately care for their children.... Having children is not just a right, but a right with attendant responsibilities." [BA], ¶ 27. [Father] has utterly failed to fulfill any of his attendant responsibilities through the first nine years of [WDW]'s life and his most recent criminal acts and incarceration provide no hope for positive change.
[¶ 26] The district court's decision is supported by clear and convincing evidence. We find no error in the district court's determination that Father's parental rights should be terminated.
[¶ 27] Affirmed.
NOTES
[1] A "waiver" is the intentional relinquishment of a known right that must be manifested in a clear and unequivocal manner. Jensen v. Fremont Motors Cody, Inc., 2002 WY 173, ¶ 16, 58 P.3d 322, 327 (Wyo.2002). Father contends that he "has an existing right to have a social study completed." Whether that right belongs to Father is questionable. "It is further noted that the statutes involved, §§ 14-2-308 through 14-2-319, are for the primary benefit of the child." RDW v. GJS, 716 P.2d 353, 358 (Wyo.1986), overruled on other grounds by Clark v. Alexander, 953 P.2d 145, 154 (Wyo.1998).
[2] Wyo. Stat. Ann. § 14-2-309(a)(iv) states:

(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:
. . .
(iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custody and control of the child[.]
Mother also sought termination pursuant to Wyo. Stat. Ann. § 14-2-309(a)(i). In its decision letter the district court found termination under Wyo. Stat. Ann. § 14-2-309(a)(i) inappropriate because Mother did not establish, by clear and convincing evidence, that Father had left WDW "in the care of another." See SLB v. JEO, 2006 WY 74, ¶ 19, 136 P.3d 797, 802 (Wyo.2006).