2012 WY 1

**Daniel Brian WALKER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0103.**

Supreme Court of Wyoming.

Jan. 4, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Prosecution Assistance Program, Joshua B. Taylor, Student Director, and Callan Riedel, Student Intern. Argument by Ms. Riedel.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   The appellant, Daniel Brian Walker, was convicted of felony stalking as a result of an encounter with his ex-wife in violation of a permanent order of protection. Conviction for stalking requires proof beyond a reasonable doubt that the defendant "engage[d] in a course of conduct reasonably likely to harass." Wyo. Stat. Ann. § 6-2-506(b) (LexisNexis 2011). At trial, the jury was given conflicting and misleading instructions with regard to the State's burden of proof as to the elements of the crime. On the one hand, the elements instruction correctly indicated that each element of the crime of stalking, including a course of conduct, must be proven beyond a reasonable doubt for conviction. On the other hand, the district court admitted the incidents comprising the course of conduct as W.R.E. 404(b) uncharged misconduct evidence, rather than as evidence of the charged crime, and instructed the jury that to consider such incidents, the acts must be established by a preponderance of the evidence. For that reason we will reverse and remand for a new trial.

## ISSUE

[¶ 2]   Did plain error result when the trial court instructed the jury that evidence of acts comprising a course of conduct of harassment admitted as W.R.E. 404(b) uncharged misconduct need only be proved by a preponderance of the evidence where a course of conduct of harassment is an element of the charged offense?

## FACTS

[¶ 3]   The appellant's ex-wife was shopping at Wal–Mart with her daughter on March 20, 2010. The ex-wife was talking to

a sales clerk at the electronics counter when her daughter noticed the appellant approaching. The two then heard the appellant say something to the effect of, "Wow, you must be making a lot of money these days." He stood approximately four feet away from his ex-wife when he made this comment. Mother and daughter quickly left the store. As a result of this encounter, the appellant was charged with felony stalking in violation of Wyo. Stat. Ann. § 6–2–506(b)(e)(iv). The Felony Information simply stated that the appellant, "with the intent to harass another person, engaged in a course of conduct reasonably likely to harass that person and the defendant committed the offense in violation of a permanent order of protection." The content of the Affidavit of Probable Cause is limited to a description of the events at Wal-Mart on March 20 as well as the investigating officer's interaction with the appellant at the appellant's home the following day.

[¶ 4]    Prior to trial, the State filed a Notice of Intent to Introduce W.R.E. 404(b) Evidence. The district court conducted a *Gleason* hearing to determine the admissibility of the fourteen items of purported W.R.E. 404(b) uncharged misconduct evidence proffered by the State in its notice.[1] Generally, this evidence consisted of incidents of alleged harassment by the appellant directed at his ex-wife over the previous four years. The State argued that the purpose for introducing this evidence was to establish "intent, motive, knowledge, course of conduct, absence of mistake or accident." The State emphasized that it was most concerned with course of conduct as a purpose.[2] The district court ruled that all fourteen occurrences would be admitted pursuant to W.R.E. 404(b). At trial, as requested by the appellant, the district court verbally gave the following instruction to the jury seven times upon the introduction of the items admitted under W.R.E. 404(b):

1.  In *Gleason v. State*, 2002 WY 161, ¶¶ 26–33, 57 P.3d 332, 342–344 (Wyo.2002), we set forth appropriate procedures for determining the admissibility of uncharged misconduct evidence.

2.  Interestingly the State continued to argue that since:
    [t]his is a stalking case, and one of the necessary elements of stalking is to prove a course of

You may not use this similar acts evidence to decide whether the defendant carried out the acts involved in the crime charged in this case. In order to consider the similar acts evidence at all, you must first unanimously find beyond a reasonable doubt based on the rest of the evidence introduced that the defendant carried out the acts involved in the crime charged in this case.

If you make that finding then you may consider the similar acts evidence to decide intent, absence of mistake or accident, motive, knowledge or course of conduct. *Similar acts evidence must be proven by a preponderance of the evidence. That is you must find that the evidence is more likely true than not true. This is a lower standard than proof beyond a reasonable doubt.*

(Emphasis added.)    Jury Instruction No. 20 included this language as well and detailed the events of the fourteen prior "similar acts" evidence. The jury was also instructed as follows:

The necessary elements of the crime of Stalking, as charged in this case, are:

1.   On or about March 20, 2010;

2.   In Campbell County, Wyoming;

3.   The Defendant, Daniel Brian Walker;

4.   With the intent to harass [his ex-wife];

5.   Engaged in a course of conduct reasonably likely to harass [his ex-wife]; and

6.   The Defendant, Daniel Brian Walker, committed the acts set forth in paragraph 5 with the intent set forth in paragraph 4 all in violation of a condition of a permanent stalking order of protection.

If you find from our consideration of all the evidence that each of these elements

conduct because if the jury were only to hear the incident giving rise to this current charge, without knowing the course of conduct, or the actions that went into it, it might just seem like an innocent harmless encounter.
Unfortunately, the parties and the district court did not appreciate the irony of this statement in the context of a *Gleason* hearing.

has been proved beyond a reasonable doubt, then you should find the Defendant guilty.

Similarly, Instruction No. 3 instructed the jury that the law presumes that the appellant is innocent and that "every material and necessary element to constitute such crime must be proved beyond a reasonable doubt."

[¶ 5] After deliberating, the jury found the appellant guilty of felony stalking. The appellant now appeals that conviction.

## STANDARD OF REVIEW

[¶ 6] At the trial, no objection was made to the jury instructions, so we will review for plain error. *Mazurek v. State*, 10 P.3d 531, 535 (Wyo.2000). Plain error is established only "when 1) the record is clear about the incident alleged as error, 2) there was a transgression of a clear and unequivocal rule of law, and 3) the party claiming error was denied a substantial right which materially prejudiced him." *Black v. State*, 2002 WY 72, ¶ 7, 46 P.3d 298, 300 (Wyo.2002) (citations omitted). Here, to amount to prejudice it must be established that the instruction "confused or misled the jury with respect to the proper principles of law." *Id.* at ¶ 6, 46 P.3d at 300.

## DISCUSSION

[¶ 7] Stalking has a complex definition under Wyoming law, with the gravamen of the crime being a "course of conduct":

(a) As used in this section:

(i) *"Course of conduct"* means a pattern of conduct composed of a *series of acts over any period of time evidencing a continuity of purpose;*

(ii) "Harass" means to engage in a *course of conduct,* including but not limited to verbal threats, written threats, lewd or obscene statements or images, vandalism or nonconsensual physical contact, directed at a specific person or the family of a specific person, which the defendant knew or should have known would cause a reasonable person to suffer substantial emotional distress, and which does in fact seriously alarm the person toward whom it is directed.

(b) Unless otherwise provided by law, a person commits the crime of stalking if, with intent to harass another person, the person *engages in a course of conduct reasonably likely to harass* that person, including but not limited to any combination of the following

(i) Communicating, anonymously or otherwise, or causing a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means in a manner that harasses;

(ii) Following a person, other than within the residence of the defendant;

(iii) Placing a person under surveillance by remaining present outside his or her school, place of employment, vehicle, other place occupied by the person, or residence other than the residence of the defendant; or

(iv) Otherwise engaging in a course of conduct that harasses another person.

. . . .

(e) A person convicted of stalking under subsection (b) of this section is guilty of felony stalking punishable by imprisonment for not more than ten (10) years, if:

. . . .

(iv) The defendant committed the offense of stalking in violation of a temporary or permanent order of protection issued pursuant to W.S. 7–3–508 or 7–3–509, or pursuant to a substantially similar law of another jurisdiction.

Wyo. Stat. Ann. § 6–2–506 (LexisNexis 2011) (emphasis added). Although convoluted, the statute is clear that a stalking conviction requires proof of a course of conduct of harassment; one incident is not sufficient.

[¶ 8] The Felony Information merely stated that the appellant violated the felony stalking statute due to an incident on March 20, 2010. The Affidavit of Probable Cause elaborated only slightly—the Wal–Mart incident of March 20 is detailed, but no information is given regarding additional incidents of harassment on the part of the appellant directed at his ex-wife. The only indication provided to the appellant that this charge stemmed from a course of conduct of harass-

ment, rather than solely the March 20 incident, was that a permanent order of protection had been in place at the time of this incident. No information was provided, however, as to any prior acts of harassment by the appellant.[3]

[¶ 9] The first mention of any details regarding a course of conduct of harassment appears in the State's Notice of Intent to Introduce W.R.E. 404(b) Evidence. Rule 404(b), however, governs evidence of *"other* crimes, wrongs, or acts," often referred to as uncharged misconduct. In the instant case, as in all stalking cases, the course of conduct *is* the criminal act at issue; it is not uncharged misconduct. The March 20 incident was just one part of the alleged course of conduct that should have been charged, and the alleged course of conduct had to be proved beyond a reasonable doubt. Instead, the district court conducted a *Gleason* hearing and admitted the prior incidents as uncharged misconduct evidence. Then, at trial, the district court repeatedly instructed the jury, verbally and in writing, that these acts need only be proved by a preponderance of the evidence.

[¶ 10] Our law as to the necessity of appropriate jury instructions is clear. The purpose of jury instructions is to provide the jury with a foundational legal understanding to enable a reasoned application of the facts to the law. *Miller v. State,* 904 P.2d 344, 348 (Wyo.1995). It is crucial that the trial court "correctly state the law and adequately cover the relevant issues." *Olsen v. State,* 2003 WY 46, 67 P.3d 536, 585 (Wyo.2003). The instructions must "leave[ ] no doubt as to under what circumstances the crime can be found to have been committed." *Miller,* 904 P.2d at 348 (quoting *Graham v. United States,* 187 F.2d 87, 90 (D.C.Cir.1950), *cert. denied,* 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353 (1951)). To obtain a reversal of his conviction, an appellant must demonstrate prejudicial error, "and prejudice will not be demonstrated unless the instruction confused

or misled the jury with respect to the proper principles of law." *Compton v. State,* 931 P.2d 936, 941 (Wyo.1997).

[¶ 11] Confusing jury instructions may create such prejudice as to require reversal of a conviction, but in evaluating instructions and potential prejudice, rather than isolating the language of a single instruction, we review the instructions in their entirety. *Taylor v. State,* 2001 WY 13, ¶¶ 16, 18, 17 P.3d 715, 721–22 (Wyo.2001). Here, looking at the instructions as a whole, we cannot help but find that the jury must have been confused with regard to the necessary elements of the crime of stalking and the burden the State must meet to prove those elements. As in *Taylor,* the instructions are accurate to some extent. But, while course of conduct was included as an element of the crime of stalking, the jury was told both that the course of conduct had to be proved beyond a reasonable doubt and that it had to be proved only by a preponderance of the evidence. Considering the number of times the jury was told that the course of conduct must only be proved by a preponderance of the evidence, we are not convinced that the elements instruction on its own remedied this confusion and gave the jury adequate legal guidance.

[¶ 12] Additionally, Instruction No. 20 instructed the jury that "[i]n order to consider the similar acts evidence at all, you must first unanimously find beyond a reasonable doubt based on the rest of the evidence introduced that the defendant carried out the acts involved in the crime charged in this case." As noted repeatedly above, the course of conduct of harassment, however, is the "acts involved in the crime charged." These are not *similar* acts; these are *the* acts at issue. This confusion was echoed in a remark made by defense counsel in closing arguments:

I have lost count of how many times this jury was instructed that all of those incidents in 2006, 2007, 2008, 2009 were only for a limited purpose. They can be used

---

**3.** We are deciding this appeal based on misleading jury instructions and therefore will not comment on whether the notice provided to the appellant prior to trial was insufficient. Consequently, the parties should not interpret that our silence on the issue means sufficient notice

was given to the appellant through the Felony Information and supporting Affidavit of Probable Cause, the Notice of Intent to Introduce W.R.E. 404(b) Evidence, or in the *Gleason* hearing.

by you for the purpose of establishing course of conduct, only. *One piece of all the elements that the State has to prove. This case is about March 20, 2010.* (Emphasis added.) Actually, this case was about the other acts as much as it was about the act of March 20. It was not enough for the State to prove beyond a reasonable doubt that the appellant harassed his ex-wife on March 20; the State had to prove beyond a reasonable doubt that the appellant engaged in a course of conduct of harassment. The jury was not properly instructed in that regard and this failure was prejudicial to the appellant.

## CONCLUSION

[¶ 13] The appellant was charged under the felony stalking statute of engaging in a course of conduct of harassment. The district court gave the jury conflicting instructions as to the State's burden of proof in regard to that course of conduct. Looking at the jury instructions as whole, we find that the jury was misled with regard to the necessary elements of felony stalking and the burden of proof that must be met by the State. For that reason we will reverse and remand for a new trial.