2012 WY 29

**MSH, Appellant (Defendant),**

**v.**

**ALH, Appellee (Plaintiff).**

**No. S–11–0179.**

Supreme Court of Wyoming.

Feb. 29, 2012.

Representing Appellant: Donna D. Domonkos, Domonkos Law Office, Cheyenne, Wyoming.

Representing Appellee: John M. Burman, Faculty Supervisor, and Sarah Chavez, Student Intern, UW Legal Services Program. Argument by Ms. Chavez.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The district court terminated the appellant's (father's) parental rights to his three children, pursuant to Wyo. Stat. Ann. § 14–2–309(a)(iv) (LexisNexis 2011), after finding, by clear and convincing evidence, that he was incarcerated for a felony conviction and was unfit to have the custody and control of the children. In this appeal, the father claims the district court erred when it allowed a police report to be introduced into evidence, and when the officer who wrote the report testified consistently with the report and allegedly vouched for the credibility of a victim. He also argues that the appellee (mother) failed to produce clear and convincing evidence that father was unfit to care for his children. Finding no error, we affirm.

## ISSUES

[¶ 2] 1. Whether Officer Dunn's testimony and the admission of his report into evidence was plain error.

2. Whether Officer Dunn's testimony regarding the credibility of the victim's statement was plain error.

3. Whether mother presented clear and convincing evidence that father was unfit to have the custody and control of his children.

## FACTS

[¶ 3] Father and mother were married in Texas in 2001. The couple had three children: BH was born in 2001, SH was born in 2003, and EH was born in 2004. Shortly after EH was born, father began serving a ten-year term of imprisonment after pleading guilty to aggravated sexual assault of a minor. The incident to which he pleaded guilty occurred in 1999, before his marriage to mother, and involved him engaging in the sexual abuse of his then girlfriend's six-year-old learning disabled daughter.

[¶ 4] In December of 2009, mother filed a petition to terminate father's parental rights to BH, SH, and EH. The district court held a hearing and, thereafter, entered an order terminating father's parental rights. The district court concluded that mother had presented clear and convincing evidence that father was incarcerated for a felony conviction and that he was unfit to have custody and control of the children. In addition to considering the circumstances surrounding father's felony conviction, the court found that father had provided no financial or physical support for the children, and his incarceration made him unable to be a parent since 2004. The court further found that, by the time father is guaranteed release from prison, he will have missed the majority of the children's childhood years. Father now appeals that order.

## DISCUSSION

### *Whether Officer Dunn's testimony and the admission of his report into evidence was plain error*

[¶ 5] At the termination hearing, Officer Dunn, who investigated the charges to

which father pleaded guilty, testified about the investigation. Early on in his testimony, the police report he made regarding the incident was introduced and admitted into evidence without objection. Father now claims that admission of the report into evidence was error, as the report was hearsay and the information within the report was also based upon hearsay. He also asserts that Officer Dunn's testimony, consistent with the report, was based upon hearsay.

[¶ 6] This issue is being raised for the first time on appeal and, therefore, we will review for plain error. *Walker v. State*, 2012 WY 1, ¶ 6, 267 P.3d 1107, 1110 (Wyo. 2012); *see also WR v. Natrona Cnty. Dep't of Family Servs. (In re Interest of DG)*, 916 P.2d 991, 998 (Wyo.1996) (discussing the use of plain error when a party raised the constitutionality of the termination of parental rights statute for the first time on appeal). In order to show plain error, the party alleging error must demonstrate: "1) the record is clear about the incident alleged as error, 2) there was a transgression of a clear and unequivocal rule of law, and 3) the party claiming error was denied a substantial right which materially prejudiced him." *Walker*, 2012 WY 1, ¶ 6, 267 P.3d at 1110 (citations omitted).

[¶ 7] Here, while the record is clear that the report was admitted into evidence, we need not determine whether a clear and unequivocal rule of law was violated because father has failed to prove that, if there was error, it was prejudicial. In order for a parent's rights to be terminated, pursuant to Wyo. Stat. Ann. § 14–2–309(a)(iv), there must be a showing, by clear and convincing evidence, that the parent is incarcerated due to a felony conviction. While Officer Dunn's report and testimony certainly informed the district court of the factual background regarding the allegations against father in the criminal case, his report and testimony were not necessary to establish that father was incarcerated due to a felony conviction. Father's own testimony established that to be the case, including that the crime was aggravated sexual assault of a minor.

[¶ 8] We also find that father has failed to show he was prejudiced to the extent the district court may have considered the facts underlying the crime as a basis for finding father unfit. While Officer Dunn's testimony and the report informed the district court that the father's then live-in girlfriend's daughter was the victim, the victim was disabled, the victim called father "Daddy," and the assault took place at night when the victim's mother was at work, the bulk of this information was also disclosed in father's testimony. Father testified that he was in an intimate relationship with the victim's mother, that he lived with the victim and her mother, that he was a father figure to the victim, and that the victim called him "Daddy" at times. Although father did not testify that the victim was disabled or that the assault took place at night while the victim's mother was at work, we do not find that the omission of those facts would have resulted in a different outcome. Therefore, father has failed to demonstrate that he was prejudiced by Officer Dunn's testimony and the admission of his report and, thereby, has failed to carry his burden under the plain error standard of review.

### Whether Officer Dunn's testimony regarding the credibility of the victim's statement was plain error

[¶ 9] Father claims that Officer Dunn vouched for the victim's credibility, thereby causing him prejudice. Again, this claim is being raised for the first time on appeal and, therefore, will be reviewed for plain error. *Walker*, 2012 WY 1, ¶ 6, 267 P.3d at 1110. While the record clearly shows the incident father alleges was error, just as above, he has failed to demonstrate that he was prejudiced by the allegedly erroneous testimony.

[¶ 10] Father claims that Officer Dunn's testimony was introduced to prove that father was actually guilty of the crime for which he pleaded guilty. However, at this point in time, the question of whether father actually committed the crime for which he pleaded guilty is not relevant. What is relevant is that he was convicted of sexually abusing a child and that he is serving a term of incarceration for that conviction. *See* Wyo. Stat. Ann. § 14–2–309(a)(iv).

[¶ 11] Further, despite the fact that father maintains he did not commit the crime, the district court properly relied upon that guilty plea and conviction as a factor when determining whether father was unfit to have custody of his children. While father certainly could have attempted to mitigate his conviction by introducing evidence that he entered the plea without accepting responsibility, he did not do so. Instead of presenting the transcript from his change of plea hearing or the judgment and sentence entered after his guilty plea, he simply testified that he did not plead guilty but, instead, "accepted a plea agreement." The district court obviously did not give father's self-serving testimony much credence, and there is nothing in the record that would show the district court's belief that father was guilty of the crime was erroneous. Therefore, father has failed to demonstrate plain error.

### Whether mother presented clear and convincing evidence that father was unfit to have the custody and control of his children

[¶ 12] Father claims that mother failed to prove by clear and convincing evidence that he was unfit to have the custody and control of his children, as required by Wyo. Stat. Ann. § 14–2–309(a)(iv). When reviewing whether sufficient evidence was presented to terminate parental rights, we use our traditional sufficiency of the evidence review:

> We examine the evidence in the light most favorable to the party prevailing below, assuming all favorable evidence to be true while discounting conflicting evidence presented by the unsuccessful party. This Court then reviews the supporting evidence to ascertain if it clearly and convincingly satisfies the statutory elements required to support termination. Evidence is clear and convincing if it would persuade a trier of fact that the truth of the contention is highly probable. This Court may examine all of the properly admissible evidence in the record, but we do not reweigh the evidence. In applying our standard of review, we keep in mind that the right to associate with one's family is fundamental and strictly scrutinize petitions to terminate parental rights.

*JLW v. CAB (In re WDW)*, 2010 WY 9, ¶ 17, 224 P.3d 14, 19 (Wyo.2010) (internal citations omitted).

[¶ 13] As we recognized in *JLW*, the termination statutes do not define the term "unfit." *Id.* at ¶ 19, at 19. However, we have determined that "fitness includes the ability to meet the ongoing physical, mental and emotional needs of the child." *R.L.A. v. State, Dep't of Family Servs. (In re L.A.)*, 2009 WY 109, ¶ 14, 215 P.3d 266, 269 (Wyo. 2009). "Whether a parent is fit to have custody and control of a child is a decision that must be made within the context of a particular case and depends upon the situation and attributes of the specific parent and child." *JLW*, 2010 WY 9, ¶ 19, 224 P.3d at 19.

[¶ 14] The district court's decision to terminate father's parental rights was based on several different factors. First, the court expressed concern about father's conviction and the likelihood of recidivism. These concerns were based upon the fact that father and the victim had a relationship similar to one of a father and daughter and that he has refused to take any responsibility for his actions. The court also noted that father's contacts with his children have been sparse and, while his incarceration made contact difficult, there was little evidence to show he made an effort to show love and support for his children. The court also found that father has had absolutely no contact with the children since December of 2009.

[¶ 15] Father spends a considerable amount of time focusing on all the evidence presented at trial that demonstrates that he is not an unfit parent, contrary to the district court's conclusion. However, acceptance of his argument would require us to ignore the applicable standard of review and, instead, reweigh all of the evidence presented to the district court. As in the past, we decline to use that approach. *See Garner v. State*, 2011 WY 156, ¶ 20, 264 P.3d 811, 820 (Wyo.2011) ("As we have often repeated, our standard of review for determining whether evidence is sufficient to sustain a conviction does not permit us to reweigh evidence[.]").

[¶ 16] Using the proper standard of review, which requires us to review the evidence in the light most favorable to the prevailing party and to disregard any conflicting evidence presented by the unsuccessful party, we find that clear and convincing evidence was presented to support the district court's decision to terminate father's parental rights. Mother testified that, before father was incarcerated, although he was making $400–500 per week, he did not financially contribute to the household in any way, and that she solely paid for the groceries, rent, and all other living expenses with the money she received from social security. She also testified that when father was not working, he spent his time at home sleeping and not helping her raise the children. Thus, the record demonstrates that, even before he was incarcerated, father, although capable, did not provide financially for his family. Further, by choosing to spend little time with his children, he chose not to provide physical, mental, or emotional support. Since father has been incarcerated, he and his family have not provided financially for his children, save ten or twenty dollars. Additionally, since 2004, father had only called the children approximately five times. The last time he spoke with any of his children was in December of 2009.

[¶ 17] The record also demonstrates that father is currently incarcerated for sexually assaulting a child. While father's conviction alone is not per se evidence of unfitness, it is "a reality that severely impacts the parent-child relationship and therefore cannot be ignored." *CDB v. DJE*, 2005 WY 102, ¶ 6, 118 P.3d 439, 441 (Wyo.2005). The facts surrounding the conviction to which he pleaded guilty showed the victim was father's girlfriend's six-year-old daughter, who referred to father as "Daddy." Further, even after spending a considerable amount of time incarcerated, father still maintains that he did nothing wrong and that his sole reason for wanting to take a sex offender rehabilitation class is so that he may be released on parole. Finally, father's guaranteed release date is not until 2014, at which point he will have been almost totally absent from his children's lives for over half of their childhood years.

[¶ 18] The evidence viewed in the light most favorable to mother shows that father has never been an active parent in the children's lives and failed to ever provide financially for his family. That trend has continued while father has been incarcerated, and when he is guaranteed release, he will have missed a substantial portion of the children's minority. The district court's concerns regarding father's conviction are also supported by the record. Father was convicted of committing an incredibly serious act against a child and has failed to take any responsibility for his actions. Therefore, we find that clear and convincing evidence was presented to support the district court's decision to terminate father's parental rights.

## CONCLUSION

[¶ 19] After a careful review of the record, we find that plain error did not occur during Officer Dunn's testimony or when his police report was introduced into evidence. We also find that the record contains clear and convincing evidence supporting the district court's decision to terminate father's parental rights.

[¶ 20] We affirm.